Thomas J. Flaherty
Attorney at Law, OSB 74096
3032 SE Rood Bridge Drive
Hillsboro, Oregon 97123
(503) 245-2500; Fax: (503) 644-8912
sandrajstahl@gmail.com
Attorney for Plaintiff

FILED 19 AUG '11 15:24 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| EDWARD B. BARCLAY, | Case No. CV11 6260 HO |
| Plaintiff, | COMPLAINT FOR PERSONAL INJURY |
| v. | |
| U.S. AIRWAYS INC., a foreign corporation, JOHN DOE Number 1, JOHN DOE Number 2, | DEMAND FOR JURY TRIAL |
| Defendants. | PRAYER AMOUNT: $110,000.00 |

Plaintiff alleges as follows:

### JURISDICTION

1.

Jurisdiction in this case is based upon Article III, Section 2 of the United States Constitution and 28 USC §1332(c) (diversity of citizenship). Plaintiff is a resident of the City of Waldport, Lincoln County, State of

Oregon. Defendant U.S. Airways Inc. (hereinafter U.S. Airways), is a foreign corporation, incorporated under the laws of a foreign state with its main corporate headquarters and principal place of business in the City of Tempe, State of Arizona. U.S. Airways was at all times relevant herein, and still is licensed to do business and does business in the State of Oregon as an FAR Part 121 air carrier.

2.

John Doe Number 1 (hereinafter John Doe 1), and John Doe Number 2 (hereinafter John Doe 2) were passengers on U.S. Airways Flight 1801 on October 18, 2010 and were seated near plaintiff. Their names and addresses are unknown to plaintiff at this time. John Doe 1 was seated in seat number 20C. Plaintiff does not know which seat John Doe 2 was seated in. Plaintiff will amend his complaint to add them as named defendants as soon as he becomes aware of their true names and addresses.

3.

Defendant U.S. Airways is, and was at all times relevant herein, an FAR Part 121 common carrier of passengers for hire, by aircraft in regular schedules over designated routes including the route traveled by plaintiff,

soliciting the patronage of the traveling public and advertising schedules for routes, times of departure, and rate of fare.

## VENUE

4.

Venue in this case is based upon 28 USC §1391(c) because U.S. Airways is subject to personal jurisdiction in the State of Oregon by reason of its authorization to do business in the State of Oregon and because it actually does business in the State of Oregon, and was doing business in the State of Oregon at all times relevant herein.

## FACTS OF THE CASE

5.

On October 13, 2010, plaintiff, while at his home in Waldport, Oregon, purchased from U.S. Airways, over the internet, a round trip ticket from Portland, Oregon to Boston, Massachusetts for $573.25. Plaintiff was scheduled to leave Portland October 16, 2010, and return to Portland, on October 18, 2010 on U.S. Airways Flight 1801 from Boston, Massachusetts to Charlotte, North Carolina, and thence on U.S. Airways Flight 503 from Charlotte, North Carolina to Portland, Oregon.

6.

On October 18, 2010 U.S. Airways accepted plaintiff as a passenger on its Flight 1801 from Boston, Massachusetts to Charlotte, North Carolina, and, on that date, transported him between the above mentioned locations. Plaintiff was assigned to seat 20D.

7.

The aircraft owned and operated by U.S. Airways, including the aircraft on which plaintiff traveled as a passenger, are equipped with overhead bins for storage of passengers' carry-on luggage. Passengers are required to stow their carry-on baggage in these overhead bins after boarding the aircraft, before they take their seats, and before the aircraft is able to turn away from the airport terminal to the airport taxi ways and runways for takeoff.

8.

Federal law and regulations require U.S. Airways flight crew to monitor, supervise, and assist passengers in the storage of their carry-on luggage. Federal law and regulations also require U.S. Airways flight crew to insure that its passengers' carry-on luggage is properly and safely stored

in the overhead storage bins and insure that the passengers properly, and safely, store their carry-on luggage in the overhead storage bins.

9.

On October 18, 2010, at the assigned time, plaintiff took his assigned seat (20D). The Flight Attendant closed the overhead bin above plaintiff's assigned seat because it was full. Plaintiff was seated with his seat belt on when John Doe 1 entered onto the aircraft, talking on his cell phone. John Doe 1 opened the overhead storage bin above plaintiff's seat with one hand while continuing to talk on his cell phone. John Doe 1 placed his case in this bin and closed the door. John Doe 1 then took his assigned seat (20C), all this time continuing to talk on his cell phone. John Doe 2, who was seated somewhere behind plaintiff, then got out of his seat and opened this same overhead bin. When he opened the overhead bin door, John Doe 1's case fell out of the bin and struck plaintiff on his head, so causing the injuries to plaintiff more particularly described below.

NEGLIGENCE

10.

That the direct and proximate cause of plaintiff's injuries was the negligence of defendant U.S. Airways, its agents and employees, in one or

more of the following specifics:

    a.    in failing to monitor the passengers' loading of the overhead storage bins over plaintiff's seat in order to insure that the passengers, in particular John Doe 1 and John Doe 2, loaded these overhead bins in a proper and safe manner;

    b.    in failing to supervise the passengers' loading of the overhead storage bins over plaintiff's seat in order to insure that the passengers, in particular John Doe 1 and John Doe 2, loaded these overhead bins in a proper and safe manner;

    c.    in failing to assist the passengers' loading of the overhead storage bins over plaintiff's seat in order to insure that the passengers, in particular John Doe 1 and John Doe 2, loaded these overhead bins in a proper and safe manner;

    d.    in allowing John Doe 1 to open the overhead storage bin over plaintiff's seat after the storage bin door had been closed, and place his case in that bin when they knew, or should have known, that the storage bin would then become overloaded and hazardous to the passengers seated near it when it was opened again; and

  e. in allowing John Doe 2 to open the overhead storage bin near plaintiff when they knew, or should have known, that it was overloaded and a hazard to the passengers seated near it when it would be opened again.

11.

That the direct and proximate cause of plaintiff's injuries was the negligence of John Doe 1 in one or more of the following particulars:

  a. in opening the overhead storage bin over plaintiff's seat after it was closed by the flight crew;

  b. in placing his case into the storage bin over plaintiff's seat when he knew or should have known that the storage bin was already fully loaded and would present a hazard to the passengers seated near it when it was opened again; and

  c. in talking on his cell phone while placing his case into the overhead storage bin and not paying primary attention to what he was doing.

12.

That the direct and proximate cause of plaintiff's injuries was the negligence of John Doe 2 in one or more of the following particulars:

a.    in opening the overhead storage bin over plaintiff's seat after it was closed by either John Doe 1 or the flight crew; and

b.    in opening the overhead storage bin near plaintiff's seat when he knew, or should have known, that it was overloaded and that its contents would fall out and present a hazard to the passengers seated near it.

13.

That as a direct and proximate result of the negligence of the defendants, and each of them, plaintiff suffered the following injuries: head concussion, cervical sprain and strain; left anterior temporal lobe trauma and scarring; loss of hearing, right ear; loss of memory; confusion; headaches; nose bleed; eye twitching; bright flashes in eyes; tinnitus, right ear.

14.

That as a direct and proximate result of the injuries alleged above, plaintiff has sought the care of doctors, nurses, and a hospital. He has incurred approximately $10,000.00 in medical expenses to date. This medical care has been necessary and the medical charges have been reasonable. It is anticipated that plaintiff will need additional medical care

in the future. Plaintiff will amend his complaint when the additional medical charges are incurred.

15.

That as a direct and proximate result of the negligence of the defendants, and each of them, plaintiff has suffered mental and physical pain, embarrassment and discomfort. His injuries are permanent in nature, and permanently disabling, all to his non-economic damage in the sum of $100,000.00.

**WHEREFORE** plaintiff prays for a judgment against the defendants, and each of them, for economic damages in the sum of $10,000.00, for non-economic damages in the sum of $100,000.00 and for his costs and disbursements incurred herein.

Thomas J. Flaherty, OSB 740965
Attorney for Plaintiff